No. 25,825.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF McPHERSON et al., *Appellees*.

#### SYLLABUS BY THE COURT.

COUNTIES—*Establishment of Hospitals—Taxation—Amount of Levy*. Section 1 of chapter 202 of the Laws of 1913 authorizes the board of county commissioners, after the hospital proposition provided for therein has been adopted by the voters of the county, to levy annually thereafter a tax of two mills on the dollar for the purchase of a site, for the erection of buildings, and for the support of the hospital.

Appeal from McPherson district court; WILLIAM G. FAIRCHILD, judge. Opinion filed December 5, 1925. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *Frank O. Johnson,* of McPherson, for the appellant.

*G. Nyquist,* county attorney, and *G. F. Gratton,* of McPherson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to recover taxes paid under protest. Judgment was rendered in favor of the defendants, and the plaintiff appeals.

In November, 1918, under chapter 202 of the Laws of 1913, sections 19-1801 to 19-1815, inclusive, of the Revised Statutes, McPherson county established a county hospital to cost $112,000. The petition filed with the board of county commissioners asking that the election be called contained the following language:

"We, the undersigned resident freeholders of McPherson county, Kansas, do hereby most respectfully petition your honorable body to submit to the legal voters of the said county and state, at the next general election of the

Counties, 15 C. J. § 349.

said county and state, the proposition to levy a tax on all of the assessed property of the said county, the proceeds of which are to be used for the purpose of equipping and maintaining of a public hospital, as provided by article 19, chapter 25, General Statutes of Kansas of 1915, being chapter 202, Laws of 1913, of said state, which hospital is to be located in the city of McPherson, in said county and state, and the maximum amount of money to be expended in the purchasing and building of the said hospital not to exceed the sum of $112,000. A levy of two mills on the dollar on the present valuation will raise the amount named."

Under that petition an election was called. The notice of election was in part as follows:

"A proposition to levy a two (2) mill tax for the purchase of real estate for hospital purposes, for the construction of hospital buildings and for maintaining same, or for either or all of such purposes."

The proposition submitted received a majority of votes, and in 1919 a tax of two mills was levied. That tax raised $113,200.87, and the hospital was built. In 1920 the board of county commissioners levied a tax of 1.8 mills for the county hospital. In December, 1920, the plaintiff, under written protest, paid one-half of the tax of 1.8 mills, and in June, 1921, under written protest, paid the other half of that tax. This action is to recover the amounts thus paid.

If the 1.8 mills tax was valid the plaintiff cannot recover. The validity of the tax rests on section 1 of chapter 202 of the Laws of 1913, which reads:

"Any county having less than 40,000 inhabitants may establish a county hospital in the following manner: Whenever the board of commissioners of any county shall be presented with a petition signed by 25 per cent of the resident freeholders of such county, 10 per cent of whom shall not be residents of the city, town or village where it is proposed to locate such public hospital asking that a tax may be levied for the establishment and maintenance of a public hospital at a place in the county named therein, and shall specify in the petition the maximum amount of money proposed to be expended in purchasing or building said hospital, such board of commissioners shall submit the question to the qualified electors of the county at the next general election to be held in the county, which tax shall not exceed two (2) mills on the dollar for any one year and be for the purchase of a site or sites and the erection thereon of a public hospital and hospital buildings, and for the support of the same; which said election shall be held at the usual places in such county for electing county officers, the vote to be canvassed in the same manner as that for county officers."

That part of the section which refers to the tax which may be levied reads:

"Whenever the board of commissioners of any county shall be presented with a petition . . . asking that a tax may be levied for the establishment and maintenance of a public hospital; . . . which tax shall not exceed two (2) mills on the dollar for any one year, and be for the purchase of a site or sites and the erection thereon of a public hospital and hospital buildings, and for the support of the same."

The petition, the proceedings under it, and the adoption of the proposal by the voters of the county established the hospital; and it was then the duty of the county commissioners to appoint trustees to manage and control the hospital, which the statutes contemplate shall be thereafter continuously maintained.

Section 9 of chapter 202 of the Laws of 1913 reads:

"In counties exercising the rights conferred by this act the board of county commissioners may appropriate each year in addition to tax for hospital fund hereinbefore provided for not to exceed five (5) per cent of its general fund for the improvement and maintenance of any public hospital so established."

That is the way that section read at the time the hospital was established in 1918 and at the time the tax of 1.8 mills was levied.

That section was amended by section 1 of chapter 156 of the Laws of 1921, section 19-1809 of the Revised Statutes, so as to read:

"In counties exercising the rights conferred by this act the board of county commissioners is hereby authorized to levy a tax each year in addition to the tax for hospital fund hereinbefore provided for, not to exceed one-half mill on the dollar, on all the taxable property of said county for the improvement and maintenance of any public hospital so established, such tax to be levied and collected as other taxes."

Section 1 of chapter 202 of the Laws of 1913, section 19-1801 of the Revised Statutes, contemplates that taxes for more than one year may be authorized for the support of the hospital. Section 9 of chapter 202 of the Laws of 1913, section 19-1809 of the Revised Statutes, assumes that the county commissioners have power, under the authority given by the adoption of the hospital proposition, to levy taxes for the continued maintenance of the hospital. Section 19-1801 does not levy a tax. When the hospital proposition is adopted the county commissioners are authorized to levy all the taxes therein provided for, but they cannot levy a tax to exceed two mills for any one year except as provided in section 9 of chapter 202 of the Laws of 1913, and after the amendment of that section the additional tax must be levied as provided for in the amendment.

The reasonable interpretation of these statutes is that when the

hospital proposition is adopted by the voters of the county, the county commissioners are authorized by section 19-1801 of the Revised Statutes to levy annually thereafter a tax not exceeding two mills on the dollar for purchasing a site, erecting buildings, and supporting the hospital, and that the tax may be divided for those three purposes as the commissioners may deem best.

It follows that the tax levied was valid and that the plaintiff cannot recover. It is unnecessary to discuss the question argued by the defendants, that the tax was voluntarily paid by the plaintiff.

The judgment is affirmed.